MARY ANN BARNARD   3650
ATTORNEY AT LAW
P.O. BOX 235520
HONOLULU, HAWAI'I  96823
TELEPHONE NO.  942-0403
            571-5555 (pgr)

ATTORNEY FOR DEFENDANT
KEVIN PATRICK CASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00248 JMS-LEK (03) |
| Plaintiff, ) | |
| VS. ) | |
| ) | TRIAL MEMORANDUM ON DEFENSE |
| KEVIN PATRICK CASH, (03), ) | SUPPLEMENTAL INSTRUCTION NOT |
| Defendant. ) | AGREED UPON; CERTIFICATE OF SERVICE |
| ) | |
| ) | TRIAL:   January 24, 2006 |
| ) | PTC:     January 6, 2006 |
| ) | TIME:    10 a.m. |
| ) | JUDGE:   Leslie Kobayashi |

**TRIAL MEMORANDUM ON DEFENSE SUPPLEMENTAL INSTRUCTION
NOT AGREED UPON**

I.  BACKGROUND.

   The Defendant KEVIN PATRICK CASH, by and through Court-Appointed Counsel, MARY ANN BARNARD, filed on November 14, 2005. The government filed proposed joint jury instructions on November

30, 2005, signed by defense counsel. Not among the agreed-upon instructions is Defendant Kevin Patrick Cash's Proposed Instruction Number 5, which reads as follows:

> The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell the heroin. The fact that a defendant may have bought heroin from another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy.
> In considering whether a conspiracy or a simple buyer-seller relationship existed, you should consider all of the evidence, including the following factors:
> (1) Whether the transaction involved included large quantities of heroin;
> (2) Whether the parties had a standardized way of doing business over time;
> (3) Whether the sales were on credit or on consignment;
> (4) Whether the parties had a continuing relationship;
> (5) Whether the seller had a financial stake in a resale by the buyer;
> (6) Whether the parties had an understanding that the heroin would be resold.
> No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship.

Seventh Circuit Pattern Jury Instruction 6.12
U.S. v. Eberhart, 388 F.3d 1043, 147-148 (2004)

The defense expects the evidence at trial to support that Defendant had a buyer-seller relationship with the conspiracy, and that he was not a member of that conspiracy.

II. Issue.

Is Defendant entitled to a buyer-seller instruction in defense of the charge of conspiracy?

III. Argument.

At trial Mr. Cash will not dispute that he was a buyer from a conspiracy. The dispute will be whether he is a member of the conspiracy. Toward that end the defense expects to elicit evidence to support the buyer-seller defense.

"A conspiracy charge requires the government to prove agreement to commit a crime other than the crime that consists of the sale itself." U.S. v. Meyer, 157 F.3d 1067, 1075 (7th Cir. 1998), citing, United States v. Thomas, 150 F.3d 743, 746 (7th Cir. 1998)...Agreement cannot be equated with repeated transactions. Id. A buyer-seller instruction 'reminds juries that distribution of drugs is not itself conspiracy, although a history of transactions may be evidence of conspiracy.'" Id.

The issue to determine whether a defendant has a mere buyer-seller relationship, and is not a member of a conspiracy is whether, "Given the record as a whole, had the jury been properly focused on the distinction between a conspiracy and a mere buyer-seller relationship, it reasonably may have found that [the defendant] merely purchased drugs from the conspiracy." Id.

In U.S. v. Lennick, 18 F.3d 814 (9th Cir. 1994) the Ninth Circuit Court of Appeals reversed a manufacturing/distribution conspiracy conviction on the grounds of insufficient evidence. There was considerable evidence of marijuana manufacture and sales by the defendant, with marijuana in various stages of production and accompanying equipment in evidence. A few acquaintances of defendant's testified the defendant had sold or given marijuana to them. A notebook found in the defendant's house, along with his own statements, establish he had sold

marijuana to others. "However, this evidence proves distribution, not conspiracy." *Id.* at 818-819. The <u>Lennick</u> opinion illustrates that proof of a conspiracy is a fact-intensive totality question. The Court stated in pertinent part:

> ...nothing in the record contradicts his story of working alone. He had no phone and little personal wealth. Neither the notebook nor any other evidence suggests that Lennick employed other individuals to sell or distribute marijuana for him or that other individuals helped him grow the marijuana plants. Both government witnesses and Lennick testified that Lennick was a heavy, chronic marijuana user with a small-time marijuana growing operation who gave and sold some of his harvest to his friends. At most, the government proved that Lennick distributed marijuana. It did not prove a conspiracy. 18 F.3d at 820.

Some of these facts parallel facts that the defense expects to establish in the instant case. We expect the evidence to show sufficient evidence that a reasonable jury could find that Mr. Cash was a buyer from the conspiracy and not a member of that conspiracy. As the Court stated in <u>Lennick</u>:

> To show a conspiracy, the government must not only show that Lennick gave drugs to other people knowing that they would further distribute them, but also that he had an agreement with these other individuals to so further distribute the drugs. Here, nothing in the record suggests that Lennick asked anyone to help him distribute marijuana. 18 F.3d at 819.

In <u>U.S. v. Meyer</u>, cited above, the 7th Circuit Court of appeals expressed the view that a "buyer-seller" instruction is necessary to convey the "mere purchaser" theory of defense to the jury, and thus necessary for a fair trial:

> ...[A]fter examining the court's instructions as a whole, we must conclude that this general instruction [that mere association with conspirators or mere approval, presence or knowledge

>of the conspiracy or conspiratorial acts are not sufficient, without more, to establish a defendant's guilt] was not sufficient to convey the mere purchaser theory to the jury. Since the evidence was such that a reasonable jury could have found that Meyer was merely a buyer from the conspiracy, the failure to give a buyer-seller instruction denied Meyer a fair trial. 157 F.3d 1067, 1075.

Indeed, each alleged co-conspirator has different sets of facts pertaining to their alleged involvement. See, e.g., U.S. v. Small, 423 F.3d 1164 (10th Cir. 2005). Simple knowledge, approval of, or acquiescence in the object or purpose of a conspiracy, without an intention and agreement to accomplish a specific illegal objective is not sufficient to establish membership in the conspiracy. U.S. v. Lennick, 18 F.3d at 818, citing, United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir. 1980). Since there is an inherent bias against those involved with illegal drugs, and since "agreement" is the essence of conspiracy membership, a specific buyer-seller instruction is necessary to assist the jury to focus on the totality question of whether the facts adduced are sufficient or whether they establish a reasonable doubt.

Accordingly, the defense in this case has requested a buyer-seller instruction in accordance with the anticipated evidence at trial.

DATED: Honolulu, Hawai'i, _January 4, 2006_.

_Mary Ann Barnard_
MARY ANN BARNARD
ATTORNEY FOR DEFENDANT
KEVIN PATRICK CASH

Case 1:05-cr-00248-JMS-BMK    Document 106    Filed 01/05/2006    Page 6 of 6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following party on the 5th day of January, 2006 by:

[ ] Placing in court jacket, [ ] mailing, [X] hand delivery:

Mark A. Inciong, Esq
Assistant United States Attorney
PJKK Federal Building
Room 6-100, 300 Ala Moana
Honolulu, HI 96813

[ ] Placing in court jacket, [ ] mailing, [ ] hand delivery:

Federal Pretrial Services
PJKK Federal Building
300 Ala Moana, 7th floor
Honolulu, HI 968613

[ ] Placing in court jacket, [ ] mailing, [ ] hand delivery:

_____
_____
_____
_____
_____

Mary Ann Barnard

8