IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>VS.<br><br>VIRGINIA M. ROSAS GUERRERO,<br>                  (01)<br>ROBERT ALEXANDER SIGUOIN,<br>                  (02)<br>KEVIN PATRICK CASH,  (03)<br><br>        Defendants. | CR. NO. 05-00248 JMS (03)<br><br><br><br><br><br><br><br>MEMORANDUM OF LAW |

### MEMORANDUM OF LAW

      Even though the conspiracy charges and defendants are properly consolidated or joined under FRCP Rules 8(a) and (b) and 13, Mr. Cash maintains he is entitled to a **severance** of the charges because of **prejudice** arising the instant consolidation and joinder. FRCP Rule 14 provides:

> **Relief From Prejudicial Joinder.** If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to

1

> the court for inspection <u>in camera</u> any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

"...[E]vidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993).

A single trial would violate the Defendant's constitutional rights to a fair trial and to a speedy trial under U.S. Const., Amend. VI, and under the Federal Rules of Evidence (FRE). FRE Rule 403 of the states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"The prime consideration in assessing the prejudicial effect of a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of evidence as to each defendant." <u>United States v. Escalante</u>, 637 F.2d 1197, 1201 (1980).

In the instant case, the co-defendant has filed motions to sever, primarily citing the potentially inflammatory nature of the firearm charge against Mr. Cash. Mr. Cash agrees that his defense will be prejudicial to the co-defendant. His arguments are likely to compare and contrast circumstantial evidence against himself and

2

defendant. The co-defendant has demonstrated disruptive behavior at pretrial conferences, including outbursts of verbal abuse toward counsel. The co-defendant's fitness to proceed is at issue. It would place an undue burden on the jurors' ability to compartmentalize the evidence by virtue of the behavioral problems likely to arise during a joint trial, especially when arguments antagonistic to the co-defendant's case are made.

The interests of judicial economy and avoiding a multiplicity of trials are often cited in favor of joint trials. In the instant case, the specter of angry outbursts would require the court to take steps to insure such behavior does not prejudice the jury. Multiple disruptions could cause a mistrial. The co-defendant may be moving in the direction of proceeding pro se. This would compound the court's need to prevent prejudice. See, U.S. v. Sacco, 563 F.2d 552 (2nd Cir. 1977). A *pro se* defendant can be expected to blurt out inadmissible and prejudicial remarks. That would be particularly true here. Thus, severance would not violate the interests of judicial economy in the instant case.

Accordingly, a separate trial should be ordered for Mr. Cash, to begin as scheduled. In the alternative this motion should be denied without prejudice.

DATED: Honolulu, Hawaii, January 14, 2006.

_____
MARY ANN BARNARD
ATTORNEY FOR DEFENDANT
KEVIN PATRICK CASH

3