ORIGINAL

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Drug/Organized Crime Section

MARK A. INCIONG, CA BAR #163443
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 15 2006

at  9  o'clock and  35  min  A  M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>ROBERT ALEXANDER SIGOUIN,   (2)<br>KEVIN PATRICK CASH,         (3)<br><br>            Defendants. | ) CR. NO.  05-00248 JMS<br>)<br>)<br>) FOURTH SUPERSEDING<br>) INDICTMENT<br>)<br>) [21 U.S.C. §§ 846; 841(a)(1),<br>) 841(b)(1)(B) and 853]<br>)<br>)<br>) |

FOURTH SUPERSEDING INDICTMENT

Count 1

The Grand Jury charges that:

From a date unknown and continuing up to and including May 29, 2005, in the District of Hawaii, and elsewhere, Defendants ROBERT ALEXANDER SIGOUIN ("SIGOUIN") and KEVIN PATRICK CASH ("CASH"), along with Virginia Rosas Guerrero ("Guerrero"),

who is not named as a defendant in this indictment, did knowingly and intentionally combine, conspire, confederate and agree together and with others, known and unknown, to knowingly and intentionally distribute and possess, with intent to distribute, 100 grams or more, to wit: approximately 295 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21 United States Code, Sections 846, 841(a)(1) & (b)(1)(B).

## OVERT ACTS

In furtherance of this conspiracy and in order to attain the objects thereof, the following overt acts, among others, were committed in the District of Hawaii and elsewhere:

1. On or about May 29, 2005, Virginia Rosas Guerrero traveled from Los Angeles, California to Honolulu, Hawaii on ATA Airlines Flight 4755, carrying quantities of heroin on her person.

2. In or about May, 2005, Defendant SIGOUIN transported cash to hotels in Waikiki to obtain heroin from Guerrero.

3. On or about May 29, 2005, SIGOUIN traveled to Ohana Maile Sky Court Hotel in Honolulu, Hawaii to meet with Guerrero for the purpose of obtaining heroin.

4. In or about May, 2005 Defendant CASH paid Guerrero $3500 for an amount of heroin.

5. On or about May 29, 2005, CASH drove to Ala Moana Shopping Center to meet Guerrero for the purpose of obtaining approximately 50 grams of heroin.

All in violation of Title 21, United States Code, Section 846.

### Count 2

On or about May 29, 2005, in the District of Hawaii, Defendant ROBERT ALEXANDER SIGOUIN, did knowingly and intentionally attempt to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, to wit, approximately 243 grams, a Schedule I controlled substance, and committed an overt act that was a substantial step towards possessing the heroin, that is, traveled to the Ohana Maile Sky Court Hotel in Honolulu, Hawaii.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### Count 3

On or about May 29, 2005, in the District of Hawaii, defendant KEVIN PATRICK CASH, then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly possess, in and affecting commerce, a firearm, to wit: a Ruger Blackhawk .357 caliber revolver, bearing serial number 35-378, and ammunition.

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

## Count 4

On or about May 29, 2005, in the District of Hawaii, Defendant KEVIN PATRICK CASH, did knowingly and intentionally attempt to possess, with intent to distribute, an amount of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and committed an overt act that was a substantial step towards possessing the heroin, that is, traveled to the Ala Moana Shopping Center in Honolulu, Hawaii.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## Count 5

On or about May 29, 2005, in the District of Hawaii, defendant KEVIN PATRICK CASH, did knowingly and intentionally possess, with intent to distribute, an amount of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, within 1000 feet of the real property comprising a public or private elementary, vocational or secondary school or a public or private college, junior college or university, or a playground or housing facility owned by a public housing authority, to wit: Kailua Elementary School.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 860.

Count 6

As a result of committing the offenses alleged in Counts 1 and 2 of this Indictment, Defendant ROBERT ALEXANDER SIGOUIN shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds which Defendant ROBERT ALEXANDER SIGOUIN obtained, directly or indirectly, as the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to the following:

> Approximately Twenty-six thousand seven hundred ninety dollars ($26,790) in United States Currency seized on June 3, 2005 from a room with a skull and sword on the door in the residence at 6157 Makaniolu Place, Honolulu, Hawaii.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third person;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the

Defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

### Count 7

On or about May 29, 2005, in the District of Hawaii, defendant, ROBERT ALEXANDER SIGOUIN, an alien who is illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, ammunition, to wit: 41 hollow point long rifle Mini-Mag .22 caliber bullets.

All in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

DATED: March _____, 2006 at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

MARK A. INCIONG
Assistant U.S. Attorney

United States v. Robert A. Sigouin, et al.
Fourth Superseding Indictment
Cr. No. 05-00248 JMS