EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG, CA BAR #163443
Assistant U. S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES SUPPLEMENTAL |
| | ) | PROPOSED JURY INSTRUCTIONS; |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ROBERT ALEXANDER SIGOUIN, (2) | ) | |
| KEVIN PATRICK CASH,       (3) | ) | Date:   April 25, 2006 |
| | ) | Time:   9:00 a.m. |
| Defendants. | ) | Judge:  Hon. J. Michael |
| | ) | Seabright |

UNITED STATES SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

The United States of America, through its undersigned counsel, respectfully submits the following supplemental proposed jury instructions.  Permission of the Court is requested to withdraw any of the attached instructions or to offer additional


instructions as may, during the course of the trial, become appropriate.

        DATED: April 11, 2006 at Honolulu, Hawaii.

                Respectfully submitted,

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii

            By /s/ Mark A. Inciong
                MARK A. INCIONG
                Assistant U.S. Attorney

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 1</u>

(DURING TRIAL)

You are about to listen to a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

9th Cir. Crim. Jury Instr. 2.7 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 2

You have heard testimony that the defendant Kevin Patrick Cash made statements.  It is for you to decide (1) whether he made each statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

9th Cir. Crim. Jury Inst. 4.1 (2005)(modified)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 3</u>

You have heard testimony from Virginia Rosas Guerrero and Griselda Perez-Medina, witnesses who have admitted being accomplices to Kevin Patrick Cash and Robert Alexander Sigouin. An accomplice is one who voluntarily and intentionally joins with other people in committed a crime.

These witnesses, Virginia Rosas Guerrero and Griselda Perez-Medina, also have pleaded guilty to crimes arising out of the same events for which Kevin Patrick Cash and Robert Alexander Sigouin are on trial. Their guilty pleas are not evidence against defendants Kevin Patrick Cash and Robert Alexander Sigouin, and you may consider their guilty pleas on in determining their believability.

For these reasons, in evaluating the testimony of Virginia Rosas Guerrero and Griselda Perez-Medina, you should consider the extent to which that witness' testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Virginia Rosas Guerrero and Griselda Perez-Medina with greater caution than that of other witnesses.

9th Cir. Crim. Jury Instr. 4.9 (2005)(modified)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 4

The cases against co-defendant Virginia Rosas Guerrero has been disposed of and is no longer before you. Do not guess or speculate as to the reason for the disposition. The disposition should not influence your verdicts with reference to Kevin Patrick Cash and Robert Alexander Sigouin, the remaining defendants, and you must base your verdicts solely on the evidence against Kevin Patrick Cash and Robert Alexander Sigouin.

9th Cir. Crim. Jury Instr. 2.13 (2005), as modified.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 5

Defendant Robert Alexander Sigouin has been charged in Count 2 of the Fourth Superseding Indictment with knowingly and intentionally attempting to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

Defendant Kevin Patrick Cash has been charged in Count 4 of the Fourth Superseding Indictment with knowingly and intentionally attempting to possess, with intent to distribute, an amount of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(c).

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements as to that defendant beyond a reasonable doubt:

First, the defendant intended to possess with the intent to distribute 100 grams or more/an amount of a mixture and substance containing a detectable amount of heroin.

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

To "possess with the intent to distribute" means to possess with the intent to deliver or transfer possession of a

controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew that the substance was heroin. It is sufficient that the defendant knew that it was some kind of prohibited drug.

9th Cir. Crim. Jury Instr. 9.13 (2005), as modified; <u>United States v. Sua</u>, 307 G.3d 1150, 1155 (9th Cir. 2002).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 6</u>

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a crime was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

All of you must unanimously agree as to which crime the defendant aided and abetted.

9th Cir. Crim. Jury Instr. 5.1 (2005)(modified).

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

<u>SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 7</u>

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime charged, unless you find that the defendant was a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.

9th Cir. Crim. Jury Instr. 6.9 (2005)(modified).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

# CLEAN SET OF SUPPLEMENTAL

# PROPOSED JURY INSTRUCTIONS

INSTRUCTION NO. _____

(DURING TRIAL)

You are about to listen to a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

INSTRUCTION NO. _____


You have heard testimony that the defendant Kevin Patrick Cash made statements.  It is for you to decide (1) whether he made each statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. \_\_\_\_\_

You have heard testimony from Virginia Rosas Guerrero and Griselda Perez-Medina, witnesses who have admitted being accomplices to Kevin Patrick Cash and Robert Alexander Sigouin. An accomplice is one who voluntarily and intentionally joins with other people in committed a crime.

These witnesses, Virginia Rosas Guerrero and Griselda Perez-Medina, also have pleaded guilty to crimes arising out of the same events for which Kevin Patrick Cash and Robert Alexander Sigouin are on trial. Their guilty pleas are not evidence against defendants Kevin Patrick Cash and Robert Alexander Sigouin, and you may consider their guilty pleas on in determining their believability.

For these reasons, in evaluating the testimony of Virginia Rosas Guerrero and Griselda Perez-Medina, you should consider the extent to which that witness' testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Virginia Rosas Guerrero and Griselda Perez-Medina with greater caution than that of other witnesses.

INSTRUCTION NO. _____

      The cases against co-defendant Virginia Rosas Guerrero has been disposed of and is no longer before you.  Do not guess or speculate as to the reason for the disposition.  The disposition should not influence your verdicts with reference to Kevin Patrick Cash and Robert Alexander Sigouin, the remaining defendants, and you must base your verdicts solely on the evidence against Kevin Patrick Cash and Robert Alexander Sigouin.

INSTRUCTION NO. \_\_\_\_\_

Defendant Robert Alexander Sigouin has been charged in Count 2 of the Fourth Superseding Indictment with knowingly and intentionally attempting to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

Defendant Kevin Patrick Cash has been charged in Count 4 of the Fourth Superseding Indictment with knowingly and intentionally attempting to possess, with intent to distribute, an amount of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(c).

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements as to that defendant beyond a reasonable doubt:

First, the defendant intended to possess with the intent to distribute 100 grams or more/an amount of a mixture and substance containing a detectable amount of heroin.

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

To "possess with the intent to distribute" means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew that the substance was heroin.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

INSTRUCTION NO. _____

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a crime was committed by someone;

Second, the defendant knowingly and intentionally aided, or counseled, or commanded, or induced, or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

All of you must unanimously agree as to which crime the defendant aided and abetted.

INSTRUCTION NO. \_\_\_\_\_

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime charged, unless you find that the defendant was a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

| | |
|---|---|
| MARY ANN BARNARD, ESQ.<br>P. O. Box 235520<br>Honolulu, Hawaii 96813<br>Attorney for Defendant<br>KEVIN PATRICK CASH | April 11, 2006 |
| ROBERT ALEXANDER SIGOUIN<br>Federal Detention Center<br>P. O. Box 30080<br>Honolulu, HI 96820<br>Defendant PRO SE | April 11, 2006 |

Served Electronically through CM/ECF:

| | |
|---|---|
| GLENN D. CHOY, ESQ.<br>choyhawaii@hawaiiantel.net | April 11, 2006 |

DATED:  Honolulu, Hawaii, April 11, 2006.

/s/ M. Derby-Taufa'asau