ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 18 2006

at 3 o'clock and ___ min. ___
SUE BEITIA, CLERK

MARY ANN BARNARD   3650
ATTORNEY AT LAW
P.O. BOX 235520
HONOLULU, HAWAI'I  96823
TELEPHONE NO.  942-0403

ATTORNEY FOR DEFENDANT
KEVIN PATRICK CASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>            Plaintiff,  )<br>  )<br>    VS.  )<br>  )<br>  )<br>KEVIN PATRICK CASH,  )<br>  )<br>            Defendant.  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>_____) | CR. NO. 05-00248 MJS-BMK<br><br><br><br><br><br>DEFENDANT KEVIN PATRICK CASH'S<br>MOTION IN LIMINE NO. 2; Declaration of Counsel;<br>CERTIFICATE OF SERVICE<br><br><br>Honorable Michael J. Seabright<br><br>Hearing:<br>    Date: April 21, 2006<br>    Time: 9 a.m. |

### DEFENDANT KEVIN PATRICK CASH'S MOTION IN LIMINE No. 2

Defendant KEVIN PATRICK CASH, by and through counsel undersigned, moves the Honorable Michael J. Seabright or for an *in camera* hearing prior to the commencement of trial in the above-entitled case, and moves the court for the following Orders:

**Exclusion Of Evidence** -- an Order excluding and precluding from use at trial the following evidence which the government may elicit:

1. Any testimony by law enforcement officers or Griselda Perez Medina from her debriefing in which she gave was asked for an improper lay opinion in violation of FRE Rule 701 and for information for which she lacked personal knowledge in violation of FRE Rule 602:

    "SA Muraoka questioned Perez Medina if the heroin...were (sic) for personal use. Perez Medina stated, 'No, because it's large amounts.' Furthermore, Harari Perez told her that Sigouin and Cash needed the drugs to sell to others."

2. Any statements from co-defendant Siguoin from his debriefing implicating Kevin Cash, including that he sold heroin to Kevin Cash in the past and that Cash had told him he bought drugs from Rosas Guerrero at the Federal Detention Center. Sixth Amendment, U.S. v. Bruton, 391 U.S. 123 (1968).

3. Any testimony from any witness who was not a party to the conversation regarding the content of phone conversations between other parties, if any. In other words, the witness may not testify who Ruby called or what was said because the witness lacks personal knowledge. The witness may only testify to his or her own telephone conversation.

This motion is brought pursuant to FEDERAL RULES OF CRIMINAL PROCEDURE (FRCP) Rules 12, and 47, and is based the defendant's rights to due process of law, to confrontation of Witnesses, and to a fair trial, as guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution, in addition to FRE Rules 103(c), 104(a), 402, 403, 404, 602, 701. This motion is also based on the Declaration Of Counsel, the Memorandum of Law [attached hereto and incorporated herein by reference], and any evidence which may be presented at the in camera hearing on this motion.

DATED: Honolulu, Hawaii, April 18, 2006.

BY: _____
MARY ANN BARNARD
ATTORNEY FOR DEFENDANT KEVIN CASH