*Criminal 05-00248 jms-03*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 2 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

COURT'S INSTRUCTION NO. ____1____

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is now my duty to instruct you on the law applicable to the case.

COURT'S INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

COURT'S INSTRUCTION NO. _3_

The indictment or formal charge against a defendant is not evidence. The defendant is presumed to be innocent and does not have to present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. _4_

      The law does not compel a defendant in a criminal case to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

## COURT'S INSTRUCTION NO. 5

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

## COURT'S INSTRUCTION NO. 6

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was  stricken from the record; such matter is to be treated as though you had never known of it.

COURT'S INSTRUCTION NO. _7_

During the course of a trial I may occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

COURT'S INSTRUCTION NO. _8_

In this case, the government and the defendant have agreed, or stipulated, as to certain facts. This means that they both agree that these facts are true. You should therefore treat these facts as having been conclusively proved.

COURT'S INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. *10*

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider: (1) the witness's relationship to the government or the defendant; (2) the witness's interest, if any, in the outcome of the case; (3) the witness's manner of testifying; (4) the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; (5) the witness's candor, fairness and intelligence; and (6) the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

COURT'S INSTRUCTION NO. ⎯11⎯

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

COURT'S INSTRUCTION NO. 12

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

COURT'S INSTRUCTION NO. 13

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

COURT'S INSTRUCTION NO. _14_

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO. _15_

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness's present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give the testimony of that witness.

COURT'S INSTRUCTION NO. 16

  You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

COURT'S INSTRUCTION NO. _16 a_

You have heard testimony from Virginia Guerrero and Griselda Medina, witnesses who admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  These two witnesses pled guilty to a crime arising out of the same events for which the defendant is on trial.  These guilty pleas are not evidence against the defendant and you may consider the pleas only in determining the witnesses' believability.

For these reasons, in evaluating these two witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine their testimony with greater caution than that of other witnesses.

COURT'S INSTRUCTION NO. 17

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

COURT'S INSTRUCTION NO. 18

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine whether the defendant is guilty or not guilty from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Nor are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict.

COURT'S INSTRUCTION NO. 19

The defendant is charged in Count 1 of the indictment with conspiring to distribute and to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and continuing up to and including May 29, 2005, there was an agreement between two or more persons to distribute and to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

COURT'S INSTRUCTION NO. 20

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

COURT'S INSTRUCTION NO. _21_

The existence of a buyer-seller relationship is not by itself sufficient to establish that a person was a member of a conspiracy to distribute and to possess with the intent to distribute heroin.  The government must prove that the defendant entered into an agreement with others and that the agreement encompassed the distribution of heroin or the possession of heroin with the intent to distribute.  The existence of a buyer-seller relationship may, however, be considered with other evidence to determine whether the defendant entered into such an agreement.  In determining whether a conspiracy or simply a buyer-seller relationship existed, you should consider all of the evidence, including the following factors:

(1) Whether the transaction involved included large quantities of heroin;

(2) Whether the parties had a standardized way of doing business over time;

(3) Whether the sales were on credit or on consignment;

(4) Whether the parties had a continuing relationship;

(5) Whether the seller had a financial stake in a resale by the buyer; and

(6) Whether the parties had an understanding that the heroin would be resold.

These factors should be considered along with all of the evidence and no single factor necessarily indicates by itself that a defendant was or was not engaged in conspiracy.

COURT'S INSTRUCTION NO. 22

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute and possess, with intent to distribute, or attempted possession of heroin with intent to distribute unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

COURT'S INSTRUCTION NO. 23

The Defendant is charged in Count 3 of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant was an unlawful user of or addicted to heroin.

COURT'S INSTRUCTION NO. 24

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

COURT'S INSTRUCTION NO. 25

The Defendant is charged in Count 4 of the indictment with attempted possession of heroin with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess heroin with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of heroin with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

COURT'S INSTRUCTION NO. 26

The Defendant is charged in Count 5 of the indictment with possession of heroin with intent to distribute, in, on or within 1,000 feet of the schoolyard of Kailua Elementary School in violation of Sections 841(a)(1) and 860 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed heroin;

Second, the defendant intended to deliver the heroin to another person; and

Third, the possession with intent to distribute took place in, on or within 1,000 feet of the schoolyard of Kailua Elementary School.

COURT'S INSTRUCTION NO. _27_

If you find the defendant not guilty of knowingly and intentionally possessing, with intent to distribute, heroin within 1,000 feet of Kailua Elementary School, or you are unable to reach a unanimous verdict as to this offense, then you must determine whether the defendant is guilty or not guilty of the offense of possession of heroin.

In order to find the defendant guilty of possession of heroin, the government must prove following elements beyond a reasonable doubt:

1.    That on or about May 29, 2005, the defendant possessed heroin at his apartment located at 505 Kailua Road, Apt. A109; and

2.    He did so knowingly.

COURT'S INSTRUCTION NO. 28

As to Counts 4 and 5, the government is not required to prove a specific quantity of heroin. It need only prove beyond reasonable doubt that there was a measurable or detectable amount of heroin.

COURT'S INSTRUCTION NO. 29

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. *30*

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the Court, please put your message or question in a note, have the foreperson sign the note, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.