## FIREARMS, AMMUNITION AND DANGEROUS WEAPONS §134-7

**§134-7 Ownership or possession prohibited, when; penalty.** (a) No person who is a fugitive from justice shall own, possess, or control any firearm or ammunition therefor.

(b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

(c) No person who:

(1) Is or has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;

(2) Has been acquitted of a crime on the grounds of mental disease, disorder, or defect pursuant to section 704-411; or

(3) Is or has been diagnosed as having a significant behavioral, emotional, or mental disorders as defined by the most current diagnostic manual of the American Psychiatric Association or for treatment for organic brain syndromes;

shall own, possess, or control any firearm or ammunition therefor, unless the person has been medically documented to be no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect.

(d) No person who is less than twenty-five years old and has been adjudicated by the family court to have committed a felony, two or more crimes of violence, or an illegal sale of any drug shall own, possess or control any firearm or ammunition therefor.

(e) No minor who:

(1) Is or has been under treatment for addiction to any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;

(2) Is a fugitive from justice; or

(3) Has been determined not to have been responsible for a criminal act or has been committed to any institution on account of a mental disease, disorder, or defect;

shall own, possess, or control any firearm or ammunition therefor, unless the minor has been medically documented to be no longer adversely affected by the addiction, mental disease, disorder, or defect.

For the purposes of enforcing this section, and notwithstanding section 571-84 or any other law to the contrary, any agency within the State shall make its records relating to family court adjudications available to law enforcement officials.

(f) No person who has been restrained pursuant to an order of any court, including an ex parte order as provided in this subsection, from contacting, threatening, or physically abusing any person, shall possess, control, or transfer ownership of any firearm or ammunition therefor, so long as the protective order, restraining order, or any extension is in effect, unless the order, for good cause shown, specifically permits the possession of a firearm and ammunition. The restraining order or order of protection shall specifically include a statement that possession, control, or transfer of ownership of a firearm or ammunition by the person named in the order is prohibited. Such person shall relinquish possession and control of any firearm and ammunition owned by that person to the police department of the appropriate county for safekeeping for the duration of the order or extension thereof. In the case of an ex parte order, the affidavit or statement under oath that forms the basis for the order shall contain a statement of the facts that support a finding that the person to be restrained owns, intends to obtain or to transfer ownership of, or possesses a firearm, and that the firearm may be used to threaten, injure, or abuse any person. The ex parte order shall be effective upon service pursuant to section 586-6. At the time of service of a restraining order involving firearms and ammunition issued by any court, the police officer may take custody of any and all firearms and ammunition in plain sight, those discovered pursuant to a consensual search, and those firearms surrendered by the person restrained. If the person restrained is the registered owner of a firearm and knows the location of the firearm, but refuses to surrender the firearm or refuses to disclose the location of the firearm, the person restrained shall be guilty of a misdemeanor. In any case, when a police officer is unable to locate the firearms and ammunition either registered under this chapter or known to the person granted protection by the court, the police officer shall apply to the court for a search warrant pursuant to chapter 803 for the limited purpose of seizing the firearm and ammunition.

For the purposes of this subsection, good cause shall not be based solely upon the consideration that the person subject to restraint pursuant to an order of any court, including an ex parte order as provided for in this subsection, is required to possess or carry firearms or ammunition during the course of the person's employment. Good cause consideration may include but not be limited to the protection and safety of the person to whom a restraining order is granted.

(g) Any person disqualified from ownership, possession, control, or the right to transfer ownership of firearms and ammunition under this section shall surrender or dispose of all firearms and ammunition in compliance with section 134-7.3.

(h) Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony. Any person violating subsection (c), (d), (e), (f), or (g) shall be guilty of a misdemeanor. [L 1988, c 275, pt of §2; am L 1990, c 191, §1; am L 1993, c 215, §1; am L 1994, c 204, §§6, 7; am L 1995, c 189, §§2, 26; am L 1998, c 133, §5; am L 1999, c 297, §1; am L 2000, c 127, §2; am L 2004, c 4, §1]

### Law Journals and Reviews

Empowering Battered Women: Changes in Domestic Violence Laws in Hawai'i. 17 UH L. Rev. 575.

### Case Notes

Subsection (b) applies to felons who are convicted through a nolo contendere plea. 83 H. 507, 928 P.2d 1.

Where defendant's convictions were premised upon the use of "any firearm" and language of indictments and trial court's instructions, "to wit, a semiautomatic pistol" did not alter the statutory elements of §§708-840, 134-6, or this section, trial court's error of not providing definition of "semiautomatic firearm" did not warrant reversal of convictions of first degree robbery, carrying or use of firearm in commission of separate felony, or felon in possession of firearm. 91 H. 33, 979 P.2d 1059.

For the purposes of subsection (b), "possession" must be analyzed using a two-pronged analysis: (1) the voluntary act of "possession" of an object "itself" is, by way of §702-202, satisfied where an individual acts knowingly with respect to his or her conduct; and (2) the requisite state of mind with respect to the attendant circumstances—i.e., the particular qualities of the object that make it illegal to possess it—is, by way of §702-204, satisfied by a reckless state of mind. 93 H. 87, 997 P.2d 13.

Where one bag containing a gun was found on truck seat next to defendant and another bag with two guns was found on truck floor where defendant had been sitting, jury could have inferred from totality of circumstances that defendant had the state of mind requisite to commit possession of a firearm and/or ammunition by a person convicted of certain crimes. 93 H. 87, 997 P.2d 13.

A person commits the offense of attempted prohibited possession of a firearm, pursuant to §§705-500(1)(b) and (3), and subsection (b), if he or she intentionally engages in conduct that, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the offense of prohibited possession of a firearm. 93 H. 199, 998 P.2d 479.

As the offense of attempted prohibited possession of a firearm under this section does not include a result-of-conduct element and §705-500(2) does not therefore apply, trial court instruction erroneously defined the state of mind necessary to prove the offense of attempted prohibited possession of a firearm as something less than intentional, as required by §705-500(1)(b), 705-500(1)(b) and (3), and subsection (b), attempted prohibited possession of a firearm is an included offense of prohibited possession of a firearm. 93 H. 199, 998 P.2d 479.

Pursuant to §§701-109(4)(b), 705-500(1)(b) and (3), and subsection (b), attempted prohibited possession of a firearm is an included offense of prohibited possession of a firearm. 93 H. 199, 998 P.2d 479.

Exhibit E

drug court, the person presents a proposal to receive substance abuse treatment in accordance with the treatment plan prepared by a certified substance abuse counselor through a substance use treatment program that includes an identified source of payment for the treatment program.

A person eligible under subsection (1) may be sentenced to probation to undergo and complete a substance abuse treatment program if the court determines that the person can benefit from substance abuse treatment and, notwithstanding that the person would be subject to sentencing as a repeat offender under section 706-606.5, the person should not be incarcerated in order to protect the public. If the person fails to complete the substance abuse treatment program and the court determines that the person cannot benefit from any other suitable substance abuse treatment program, the person shall be subject to sentencing under the applicable section under this part. As a condition of probation under this subsection, the court may direct the person to undergo and complete substance abuse treatment under the supervision of the drug court if the person has a history of relapse in treatment programs. The court may require other terms and conditions of probation, including requiring that the person contribute to the cost of the substance abuse treatment program and comply with deadlines for entering into the substance abuse treatment program.

(3) For the purposes of this section, "substance abuse treatment program" means drug or substance abuse treatment services provided outside a correctional facility by a public, private, or nonprofit entity that specializes in treating persons who are diagnosed with having substance abuse or dependency and preferably employs licensed professionals or certified substance abuse counselors.

(4) The court, upon written application from a person sentenced under this part, shall issue a court order to expunge the record of conviction for that particular offense provided that a person has successfully completed the substance abuse treatment program and complied with other terms and conditions of probation. A person sentenced to probation under this section shall be eligible for one time only for expungement under this subsection.

(5) Nothing in this section shall be construed to give rise to a cause of action against the State, a state employee, or a treatment provider. [L 2002, c 161, § 3; am L 2004, c 44, § 11]

## § 706-623. Terms of probation.

(1) When the court has sentenced a defendant to be placed on probation, the period of probation shall be as follows, unless the court enters the reason therefor on the record and sentences the defendant to a shorter period of probation:

(a) Ten years upon conviction of a class A felony;

(b) Five years upon conviction of a class B or class C felony;

(c) One year upon conviction of a misdemeanor; except that upon a conviction under section 586-4, 586-11, or 709-906, the court may sentence the defendant to a period of probation not exceeding two years; or

(d) Six months upon conviction of a petty misdemeanor.

The court, on application of a probation officer, on application of the defendant, or on its own motion, may discharge the defendant at any time. Prior to granting early discharge, the court shall afford the prosecuting attorney an opportunity to be heard. The terms of probation provided in this part, other than in this section, shall not apply to sentences of probation imposed under section 706-606.3.

(2) When a defendant who is sentenced to probation has previously been detained in any state or county correctional or other institution following arrest for the crime for which sentence is imposed, the period of detention following arrest shall be deducted from the term of imprisonment if the term is given as a condition of probation. The pre-sentence report shall contain a certificate showing the length of such detention of the defendant prior to sentence in any state or county correctional or other institution, and the certificate shall be annexed to the official records of the defendant's sentence. [L 1972, c 9, pt of § 1; am L 1986, c 314, § 24; am L 1989, c 124, § 1; am L 1993, c 316, § 3; am L 1994, c 229, § 2; am L 1998, c 172, § 7]

## § 706-624. Conditions of probation.

(1) Mandatory conditions. The court shall provide, as an explicit condition of a sentence of probation:

(a) That the defendant not commit another federal or state crime during the term of probation;

(b) That the defendant report to a probation officer as directed by the court or the probation officer;

(c) That the defendant remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer;

(d) That the defendant notify a probation officer prior to any change in address or employment;

(e) That the defendant notify a probation officer promptly if arrested or questioned by a law enforcement officer; and

(f) That the defendant permit a probation officer to visit the defendant at the defendant's home or elsewhere as specified by the court.

(2) Discretionary conditions. The court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706-606 and to the extent that the conditions involve only depri-

## [Page 168]

L 2004, c 202, §82 provides:

"SECTION 82. Appeals pending in the supreme court as of the effective date of this Act [July 1, 2006] may be transferred to the intermediate appellate court or retained at the supreme court as the chief justice, in the chief justice's sole discretion, directs."

**§805-13 Motor vehicle insurance violation.** (a) In all cases of citation for alleged violations of chapter 431:10C or section 286-116, the court shall hear and dispose of such actions expeditiously. Such actions may be severed from any other proceedings to facilitate immediate disposition. Continuance of proceedings on motor vehicle insurance violations may be allowed in the discretion of the court, only after the court has received evidence that the required insurance on the motor vehicle involved was in fact in force on the date of the citation, or that the motor vehicle has been, or is ordered by the court to be, impounded.

(b) In all cases of citation for alleged violations of chapter 431:10C or section 286-116 the court shall require the appearance of the driver cited and the registered owner of the motor vehicle. If the registered owner is not the driver, the registered owner shall be cited by service of the citation on the driver who shall be deemed to be the owner's agent for purposes of service and by naming the owner jointly with the driver in the citation. Where the registered owner is a corporation or association, an officer or designated agent thereof shall be required to appear. Where the registered owner is a partnership, a general partner thereof shall be required to appear.

(c) In the case of multiple violations the court shall, in addition to any other penalty, impose the following penalties:

(1) Imprisonment of not more than thirty days;
(2) Suspension or revocation of driver's license of the driver and of the registered owner;
(3) Suspension or revocation of the motor vehicle registration plates of the vehicle involved;
(4) Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle; or
(5) Any combination of such penalties.

The court shall impose any other sanction it finds necessary to remove the vehicle or driver involved from the highways, and to preclude the driver or registered owner from the continued operation of any uninsured motor vehicle.

(d) Upon subsequent hearing ordered by the court or upon the driver's or registered owner's motion, the court may, in its discretion, terminate any judgment previously entered under subsection (c) upon finding that the registered owner and the driver, as applicable, have complied with chapter 287 with respect to any prior accident as evidenced by a form properly validated by a police department and:

(1) Complied with all requirements under chapter 431:10C as evidenced by a motor vehicle insurance identification card and the insurance policy issued by a licensed insurer; or
(2) Complied with all requirements under chapter 431:10C as evidenced by a certificate of self-insurance issued by the insurance commissioner pursuant to section 431:10C-107(d).

(e) The court may, in its discretion, maintain continuing jurisdiction following any termination or judgment as provided in subsection (d), to assure the continued compliance of the registered owner or driver with chapter 286, 287, or 431:10C. [L 1978, c 91, §3; am L 1980, c 234, §4; am L 1997, c 251, §57; am L 2001, c 55, §30]

## [Page 169]

### Case Notes

Subsection (b) requires that enforcement officers cite the registered owner as well as the driver of the motor vehicle. 86 H. 331 (App.), 949 P.2d 171.

When a defendant is charged with a chapter 431:10C violation, in particular, a §431:10C-104 violation, this section is the proper procedural statute for the district court, enforcement officers, and the prosecutor's office to follow. 86 H. 331 (App.), 949 P.2d 171.

A violation of the procedures set forth in subsection (b) is not reversible error with respect to the conviction of an operator of an uninsured vehicle. 90 H. 130 (App.), 976 P.2d 444.

# CHAPTER 806
# CRIMINAL PROCEDURE: CIRCUIT COURTS

INDICTMENT AND INFORMATION, GENERALLY

Section
806-11  Disposal of firearms

SENTENCE; PROBATION
806-73  Duties and powers of probation officers; adult probation records

### Note

For new part on information charging and amendment to §806-6 to take effect on ratification of amendment to Article I of the State Constitution, see L 2004, c 62.

## INDICTMENT AND INFORMATION, GENERALLY

**§806-11 Disposal of firearms.** (a) At the time of arraignment, the court shall order a defendant who is under indictment for, or who has waived indictment for, or who has been bound over to the circuit court for a felony, or any crime of violence, or an illegal sale of any drug, to dispose of all firearms and ammunition within the defendant's possession in a manner in compliance with the provisions of chapter 134 and shall inform the defendant of the provisions of section 134-7(b) and section 134-12.5. The defendant shall comply with an order issued pursuant to this section within forty-eight hours of the issuance of such order. A defendant's compliance with the forty-eight hour requirement of this section shall not give rise to a prosecution for violations of sections 134-2, 134-3 or 134-4.

(b) The court shall immediately notify the chief of police of the county where the defendant resides that the defendant has been ordered to voluntarily surrender all firearms and ammunition to the chief of police or dispose of all firearms and ammunition within the defendant's possession.

(c) If the defendant fails to voluntarily surrender all firearms and ammunition to the chief of police where the defendant resides or dispose of the firearms and ammunition within forty-eight hours of the issuance of the order, the chief of police may seize all firearms and ammunition.

(d) For the purposes of this section, "dispose" shall have the same meaning as provided in section 134-7.3. [L 1993, c 215, §4; am L 2000, c 127, §4]

## INDICTMENT AND INFORMATION, AVERMENTS, DEFECTS

**§806-31 Indirect allegations.**

### Case Notes

Nature and cause of accusation could not be understood by person of common understanding from a reading of the complaint itself, where generic term "felony" did not, indirectly or by inference, inform defendant that underlying felony was terroristic threatening in first degree. 78 H. 66, 890 P.2d 303.

## 806-9  PROCEDURAL AND SUPPLEMENTARY PROVISIONS

same extent as near as may be, apply to information and all prosecutions and proceedings thereon. [L 1903, c 39, §5; RL 1925, §4020; RL 1935, §4493; RL 1945, §10794; RL 1955, §258-5; HRS §711-9; ren L 1972, c 9, pt of §1]

**Case Notes**

Need not be verified. 23 H. 250, 253.
Form and content of information. 36 H. 550, aff'd 150 F.2d 545.

**§806-10  Form.** The indictment may be substantially in the following form:
In the Circuit Court of the .......... Judicial Circuit, State of Hawaii ..........,
Term 19 .....
The State of Hawaii vs. .........., defendant.
The Grand Jury of the .......... Circuit of the State of Hawaii do present that (here give name or description of the accused). (Here set forth the offense and transaction according to the rules in this chapter enunciated.)
A True Bill found this ........ day of ........, 19.....
Signed: ..........
Foreperson of the Grand Jury.
Signed: ..........
(Official title of prosecuting officer.)
[L 1915, c 215, pt of §2; RL 1925, §4049; RL 1935, §5508; RL 1945, §10810; RL 1955, §258-20; HRS §711-10; ren L 1972, c 9, pt of §1; gen ch 1993]

**Rules of Court**

See HRPP rule 7(d).

**Case Notes**

Cited: 37 H. 625, 643, questioned 82 F. Supp. 104.

**[§806-11]  Disposal of firearms.** At the time of arraignment, the court shall order a defendant who is under indictment for, or who has waived indictment for, or who has been bound over to the circuit court for a felony, or any crime of violence, or an illegal sale of any drug, to dispose of all firearms and ammunition within the defendant's possession in a manner in compliance with the provisions of chapter 134 and shall inform the defendant of the provisions of section 134-7(b) and section 134-12.5. The defendant shall comply with an order issued pursuant to this section within forty-eight hours of the issuance of such order. A defendant's compliance with the forty-eight hour requirement of this section shall not give rise to a prosecution for violations of sections 134-2, 134-3 or 134-4. [L 1993, c 215, §4]

### VENUE

**§806-16  Venue; how stated.** It shall not be necessary to state any venue in the body of any indictment, but the jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the indictment; provided that in cases where local description is required, the local description shall be given in the body of the indictment. [L 1876, c 40, §12; RL 1925, §4031; RL 1935, §5495; RL 1945, §10796; RL 1955, §258-6; HRS §711-16; ren L 1972, c 9, pt of §1]

**Rules of Court**

See HRPP rule 18.

422

## CRIMINAL PROCEDURE; CIRCUIT COURTS    806-21

**Case Notes**

In margin of charge in district court, sufficient. 11 H. 435.

**§806-17  Circuits constitute district for criminal trial by jury.** The judicial circuits of the State established by section 603-1 are deemed to be the "districts" referred to in Article I, section 14, of the Constitution of the State with respect to the right to a trial by jury in criminal prosecutions, until such time as the legislature of the State shall otherwise provide. [L 1959, c 125, §2; HRS §711-17; ren L 1972, c 9, pt of §1]

**Rules of Court**

See HRPP rule 18.

**§806-18  Change of venue.** It shall be lawful for any court of record or judge thereof, at any state of any criminal proceedings depending therein, whether the venue be by law local or not, to order that the venue be changed, and to direct that the trial be had in Honolulu or in some particular judicial circuit, in such cases and for such reasons as the justice of the case may require, and subject to such conditions as the court or judge may, in its or the judge's discretion, impose. [L 1876, c 40, §13; RL 1925, §4032; RL 1935, §5496; RL 1945, §10797; RL 1955, §258-7; HRS §711-18; ren L 1972, c 9, pt of §1; gen ch 1985]

**Cross References**

Change of venue, see §603-37.

**Rules of Court**

See HRPP rules 21, 22.

**Case Notes**

Change of venue granted to facilitate production of evidence. 9 H. 360.
Change of venue lies in sound discretion of court. 11 H. 314; 46 H. 183, 377 P.2d 728. See 3 H. 90.

### JOINDER OF OFFENSES AND OF DEFENDANTS

**§806-21  Joinder of defendants; accessories, receivers.** Any number of accessories at different times to any felony, and any number of receivers at different times of the whole or any part or parts of any property which at one time have been stolen, taken, extorted, obtained, embezzled, or otherwise disposed of in such a manner as to amount to a felony, may be charged together, notwithstanding the principal felon is not included in the same indictment, or is not in custody, or amenable to justice. [L 1876, c 40, §14; RL 1925, §4038; RL 1935, §5497; RL 1945, §10798; RL 1955, §258-8; HRS §711-21; ren L 1972, c 9, pt of §1]

**Rules of Court**

See HRPP rule 8(b).

**Case Notes**

Separate trial is matter in discretion of court. 3 H. 30.
Convictions against several defendants jointly charged and tried for several offenses upheld. 4 H. 509.

423