FILED

SEP 19 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10675 |
| Plaintiff - Appellee, | D.C. No. CR-05-00248-JMS |
| v. | |
| KEVIN PATRICK CASH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted September 9, 2008
San Francisco, California

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

Kevin Patrick Cash appeals his convictions for: (1) conspiracy to distribute and possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§§ 841(a)(1), 841(b)(1)(B), and 846; (2) knowingly and intentionally attempting to possess, with intent to distribute, an amount of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) knowingly and intentionally possessing, with intent to distribute, an amount of a mixture and substance containing a detectable amount of heroin within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts, we recite them only as necessary.

Cash first contends that the district court abused its discretion by modifying his requested jury instruction related to the buyer-seller defense.  Cash's requested instruction was Seventh Circuit Pattern Instruction No. 6.12.  The district court gave the following instruction:

> The existence of a buyer-seller relationship is not itself sufficient to establish that a person was a member of a conspiracy to distribute and possess, with intent to distribute, heroin.  The government must prove that the defendant entered into an agreement with others and that the agreement encompassed the distribution of heroin or the possession of heroin with the intent to distribute.  The existence of a buyer-seller relationship may, however, by considered with other evidence to determine whether the defendant entered into such an agreement.  In determining whether a conspiracy or simply a buyer-seller relationship existed, you should consider all of the evidence including the following factors:
> One, whether the transaction involved included large quantities of

heroin; two, whether the parties had a standardized way of doing business over time; three, whether the sales were on credit or consignment; four, whether the parties had a continuing relationship; five, whether the seller had a financial stake in a resale by the buyer; and six, whether the parties had an understanding that the heroin would be resold.

Cash contends this instruction resulted in a "watered-down version of the buyer-seller defense" as explained in the instruction he proposed, because the district court's instruction does not sufficiently distinguish an agreement to purchase heroin from an agreement to participate in a conspiracy to distribute heroin. While the district court's instruction does not emphasize the distinction between a buyer-seller relationship and a conspiratorial relationship to the extent the instruction Cash requested does, the district court did not abuse its discretion by issuing the modified instruction. The district court's instruction sets forth a conjunctive test: the defendants must make an agreement *and* the agreement must encompass the distribution of heroin or possession with intent to distribute heroin. Therefore, the instruction is legally sufficient. *See United States v. Shipsey*, 363 F.3d 962, 966 n.3 (9th Cir. 2004).

Cash next contends the district court violated his Sixth Amendment right to confront witnesses against him by limiting cross-examination designed to elicit facts to support the inference Cash was merely a buyer of heroin and not a member of a conspiracy to distribute the drug. The district court did not abuse its discretion

by limiting the cross-examination because such examination was cumulative of evidence already admitted and irrelevant to the charges.

Next, Cash contends the district court erred by admitting evidence of expert testimony of gram scales in violation of Federal Rule of Evidence 403. Cash's contention is incorrect. The evidence was necessary to dispel the claim first raised by defense counsel that no defendant can be convicted of distributing drugs unless agents discover a gram scale in the defendant's home.

Cash further contends the district court abused its discretion by allowing the government to submit prejudicial evidence in the form of a photo array that contained a photograph of Cash "suggestive" of a mugshot. The government made clear the photograph was taken after Cash's arrest on May 29, 2005, but was not a mugshot and used only for identification purposes. The manner of introduction at trial did not draw attention to the source of the photograph or imply Cash had been previously arrested. *See United States v. Jaeger*, 298 F.Supp.2d 1003, 1009 (D. Haw. 2003).

Next, Cash appeals his conviction for possession with intent to distribute heroin within 1,000 feet of a public school on two grounds. Given the magnitude of Cash's attempted heroin purchase from Guerrero (50 grams), Cash's purchase of approximately the same amount the previous week, and the proximity of balloons

and ziplock bags to the heroin found in Cash's home, a rational jury could have found the heroin seized from Cash's home was intended for distribution. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Cash contends the charge of possession with intent to distribute heroin within 1,000 feet of a public school was the product of vindictive prosecution. Because Cash failed to raise this claim to the district court, it is waived. *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005). Further, there is nothing in the record to support Cash's contention the government brought the schoolyard charge to penalize him for rejecting the government's plea offer and exercising his right to a jury trial. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982).

**AFFIRMED.**